IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARIA KROTT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW DIRECTIONS BEHAVIORAL HEALTH, L.L.C.,<br><br>*Defendant.* | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Maria Krott ("Plaintiff") files this Collective Action Complaint ("Complaint") against New Directions Behavioral Health, L.L.C. ("Defendant"), and in support states the following:

**Nature of This Lawsuit**

1. Defendant is accredited by the National Committee on Quality Assurance ("NCQA") as a Managed Behavioral Health Organization ("MBHO") and by the Utilization Review Accreditation Commission ("URAC") for health utilization management…."[1]

2. As a managed behavioral health organization, Defendant reviews requests for services and makes coverage determinations based on medical necessity.

3. Defendant employed Plaintiff and other non-management employees whose primary job duty was to perform utilization review ("Utilization Review Employees").

---

[1] https://www.ndbh.com/docs/ContentManaged/Providers/PoliciesManuals/2019-Medical-Necessity-Criteria-Final.pdf (last visited October 29, 2019).

Page - 1

4. Defendant used numerous job titles to refer to its Utilization Review Employees, including Utilization Manager, Senior Utilization Manager, Clinical Utilization Manager, and Utilization Management Specialist.

5. Defendant paid Utilization Review Employees a salary.

6. Defendant's Utilization Review Employees regularly worked over 40 hours per week.

7. Defendant classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 hours in individual workweeks.

8. The utilization reviews primarily performed by Plaintiff and other Utilization Review Employees consisted of reviewing health insurance benefit requests against predetermined guidelines and criteria for insurance and payment purposes ("Utilization Reviews").

9. The Utilization Review Work performed by Plaintiff and other Utilization Review Employees was non-exempt work under the Fair Labor Standards Act.[2]

10. Indeed, the organization that provides Defendant with its accreditation in Health Utilization Management Accreditation, the URAC, provides that Licensed Practical Nurses (LPN) and Licensed Vocational Nurses (LVN) are qualified to perform Utilization Review Work.

11. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Review Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

---

[2] *Clark v. Centene Co. of Texas, L.P.,* 656 F. App'x 688 (5th Cir. 2016) (case managers primarily performing utilization review work held to be non-exempt under professional and administrative exemptions); *Rego v. Liberty Mut. Managed Care, LLC,* 367 F. Supp. 3d 849, 862 (E.D. Wis. 2019) (same).

**The Parties**

12. Plaintiff worked for Defendant as a Utilization Review Employee from approximately March 2015 to approximately June 2018.

13. Defendant is a Missouri limited liability company.

14. Defendant's registered office is located at 8140 Ward Parkway, Suite 500, Kansas City, Missouri.

**Jurisdiction and Venue**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

16. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

**Factual Allegations**

17. Defendant has established policies and procedures for the Utilization Review Work performed by its Utilization Review Employees to comply with URAC's accreditation standards.

18. Defendant is required to maintain URAC accreditation in order to provide utilization management services in those states.

19. As established by URAC's accreditation standards, the standard prerequisite for Utilization Review Work is LPN/LVN-level credentials.

20. Plaintiff worked as a Utilization Review Employee for Defendant.

21. During her employment with Defendant, Plaintiff primarily performed Utilization Review Work.

22. During her employment, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

23. During her employment, Plaintiffs' job duties did not involve providing traditional nursing care in a clinical setting, providing direct care to treat medical or psychological issues, or exercising clinical judgment.

24. Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

25. During her employment with Defendant, Plaintiff worked more than 40 hours in one or more individual workweeks during the last three (3) years.

26. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

27. Defendant paid Plaintiff a salary.

28. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

29. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

30. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

31. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

32. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

33. During her employment, Defendant was Plaintiff' "employer" as defined under the FLSA in § 203(d).

**Collective Action Allegations**

34. Plaintiff bring her FLSA claims as a collective action.

35. Plaintiff's consent form to participate in this collective action is attached hereto as Exhibit A.

36. The collective action is defined as follows:

All individuals employed by Defendant as Utilization Review Employees in the last three years who were paid a salary and classified as exempt under the Fair Labor Standards Act ("Collective Action Members").

37. Plaintiff is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

38. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiff.

39. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

40. Of employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

41. Defendant maintained one or more common job descriptions for Utilization Review Employees.

42. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

43. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

44. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

45. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

# COUNT I
## Violation of the Fair Labor Standards Act
### (Collective Action)

46. Plaintiff incorporates here the previous allegations of this Complaint.

47. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

48. Plaintiff was not exempt from the overtime provisions of the FLSA.

49. Other Collective Action Members were not exempt from the overtime provisions of the FLSA.

50. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

51. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

52. Defendant paid Plaintiff a salary and did not pay overtime compensation for all hours worked over 40 in individual workweeks.

53. Defendant paid other Collective Action Members a salary and did not pay them overtime compensation for all hours worked over 40 in individual workweeks.

54. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

55. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

56. Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in individual workweeks was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Dated: November 13, 2019

Respectfully submitted,

*/s/ Rowdy B. Meeks*
Rowdy B. Meeks, MO #48349
Rowdy Meeks Legal Group LLC
8201 Mission Rd., Suite 250
Prairie Village, KS 66208
Telephone: 913 766-5585
Facsimile: 816 875-5069
Rowdy.Meeks@rmlegalgroup.com

DOUGLAS M. WERMAN*
MAUREEN A. SALAS*
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH\*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL\*
Texas Bar No. 24070621
Siegel Law Group PLLC
925 Greenville Avenue, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
jack@siegellawgroup.biz

\*Application for admission pro hac vice forthcoming

**Attorneys for Plaintiff and Others Similarly Situated**