IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Maria Krott, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>NEW DIRECTIONS BEHAVIORAL HEALTH, L.L.C.,<br><br>Defendant. | No. 4:19-cv-00915-DGK |

## ORDER APPROVING FLSA SETTLEMENT

This case arises out of Plaintiffs' employment with the Defendant New Directions Behavioral Health, L.L.C., a behavioral health organization that provides benefit determinations for healthcare plans. Plaintiff Maria Krott alleges that Defendant failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). Now before the Court is Plaintiffs' Unopposed Motion to Approve FLSA Settlement, ECF No. 55. The Court previously directed additional briefing concerning certain issues in the Settlement Agreement, Order, ECF No. 57.

Upon review of the Parties' additional briefing, ECF Nos. 58, 59, 60, the Court concludes the proposed settlement meets the prerequisites for approval. The motion is GRANTED.

### Background

On November 13, 2019, Plaintiff Krott filed a complaint against her previous employer,[1] Defendant New Directions Behavioral Health, L.L.C on behalf of herself and others. In her complaint, Plaintiff alleged that she performed utilization review work on Defendant's behalf, that

---

[1] Plaintiff Krott worked for Defendant from March 2015 to June 2018.

Defendant paid her a salary and classified her as exempt from the overtime provisions of the FLSA, and that she had worked more than forty hours in one or more individual work workweeks during the prior three years. Plaintiff alleged that she was not exempt from the overtime provisions of the FLSA, and that she is therefore due unpaid overtime wages at a rate of one and a half times her regular rate of pay.

Defendant denied that Plaintiff Krott was due overtime wages. Answer, ECF No. 11. The parties mediated the case initially on June 1, 2020, but were unable to reach a settlement. Status Report, ECF No. 15. Plaintiff Krott then moved to conditionally certify the class.[2] ECF No. 18. The Court granted her motion on September 10, 2020. Order, ECF No. 30.

After a number of individuals[3] joined the class, the parties were able to come to a final settlement agreement ("the Settlement") covering both FLSA claims and parallel state law claims.[4] Collective Action Settlement Agreement ¶ III.2.a, ECF No. 56-1. That agreement provides for a gross settlement amount of $290,000, from which named Plaintiff Krott is to receive $5,000, opt-in Plaintiff Gibbons is to receive $2,500, the settlement administrator is to receive $4,750, Plaintiff's Counsel shall receive $146,392.89 in attorneys' fees and $3,607.11 for expenses, and the rest ($132,5000) shall be paid out to the class members. *Id.* ¶ III.4–5. In addition, Defendant will pay the employer's share of applicable payroll taxes on the wage portion of the settlement payments made to each class member. *Id.* ¶ III.4.b.

---

[2] The class was defined as "[a]ll individuals employed by Defendant in non-management job titles containing the term "Utilization Manager" in the [prior] three years who were paid on a salary basis and classified as exempt from overtime compensation." Order, ECF No. 30.

[3] The class consists of thirty-two individuals, including named Plaintiff Krott.

[4] Class representatives, named Plaintiff Maria Krott and opt-in Plaintiff Nikeasha Gibons, released additional employment related claims. Collective Action Settlement Agreement ¶ III.2.b, ECF No. 56-1.

## Standard

Although ordinarily employers and employees can settle disputes without court approval, where, as here, an employee has brought a lawsuit directly against an employer for violating the FLSA, any settlement must be approved by the court for the settlement to have any res judicata effect. *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement under 29 U.S.C. § 216(b), the court must find that: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.3d at 1355. Although the exact scope of court review of attorneys' fees in conjunction with an FLSA settlement is somewhat unclear in the wake of the Eighth Circuit's recent decision in *Barbee v. Big River Steele, LLC*, where attorneys' fees and FLSA claims have been negotiated contemporaneously, the court must approve the attorneys' fees provisions to ensure they have been negotiated without regard to a plaintiff's FLSA claim, and that there was no conflict of interest between an attorney and his or her client. *Barbee v. Big River Steele, LLC*, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019).

In reviewing the proposed settlement, the Court is mindful that public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354. A court must not, therefore, substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (ruling in the context of a Rule 23 class action settlement).

**Discussion**

The Court finds the Settlement satisfies all of the prerequisites for approval.

**I.      The parties have shown a bona fide wage and hour dispute exists.**

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.[5]

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012).

Here, the parties have provided the Court with the necessary information. First, the nature of the dispute concerns whether Plaintiffs are exempt from the FLSA's overtime pay requirements. Second, Defendant is a managed behavioral health organization and Plaintiffs were (or are) utilization managers—individuals who "review[] health insurance benefit requests against predetermined guidelines and criteria for insurance and payment purposes." Mot., ECF No. 56. Third, Defendant claimed that it properly classified Plaintiffs as exempt from the FLSA's overtime requirement, that Plaintiffs did not work more than forty hours per week, and that Defendant acted in good faith. Finally, Plaintiffs note that the Fifth Circuit Court of Appeals and a district court in the Eastern District of Wisconsin have held that employees performing comparable work are not

---

[5] Because the parties agree on the wages owed, the Court does not address the fifth factor.

4

Case 4:19-cv-00915-DGK   Document 61   Filed 01/13/22   Page 4 of 7

exempt from the FLSA. *See Clark v. Centene*, 656 Fed. App'x. 688 (5th Cir. 2016); *Rego v. Liberty Mut. Managed Care, LLC.*, 367 F. Supp. 3d, 849 (E.D. Wis. 2019). Thus, a bona fide dispute exists.

**II.     The Settlement is fair and equitable to all parties.**

To evaluate the fairness and reasonableness of an FLSA settlement, the Court considers the following factors:

> (1) the amount of discovery that has occurred; (2) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (3) whether there are any indicia of collusion; (4) class counsel, the parties, and the class members' opinions about the settlement; and (5) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*Sanderson v. Unilever Supply Chain, Inc.,* No. 4:10–CV–0775–FJG, 2011 WL 5822413, at *2 (W.D. Mo. Nov. 16, 2011).

Applying these factors to the present case, the Court first notes that the parties exchanged initial disclosures and that defendant subsequently produced "over 5,600 pages of documents including time and pay data." Mot. at 10, ECF No. 56. As such, this factor favors approval.

Second, the Settlement was reached nearly two years after Plaintiff Krott filed this case, after the parties exchanged mediation statements, attended mediation, and after the Court conditionally certified the class. Further, the settlement is the product of an arms-length negotiations. Additionally, litigating this case to a conclusion would be complicated, costly, and drawn-out. Plaintiffs would risk Defendant filing a motion to decertify the class. There is also no Eighth Circuit precedent on whether utilization managers are exempt from the FLSA, and the Second Circuit Court of Appeals previously held that utilization review employees are exempt from the FLSA. *See Isett v. Aetna Life Ins. Co.*, 947 F.3d 122 (2d Cir. 2020). Thus, even if Plaintiffs were to win at trial, Defendant would likely appeal, prolonging the litigation. Thus the

second factor favors approval.

Third, the Court finds no indicia of collusion. This factor favors approval.

Fourth, while Plaintiffs' Counsel and the class representatives are satisfied with the Settlement, it is unclear whether this is the case for the other thirty class members. This factor therefore does not weigh heavily in the Court's consideration.

Finally, Plaintiffs calculate that the Settlement provides each class member with 91% of the overtime wages they are owed, while avoiding the risk of losing on a motion to decertify, at trial, or on appeal. Mot. at 12, ECF No. 56. Thus, the Court agrees that the present value of the Settlement outweighs the potential recovery after continued litigation.

On balance, consideration of the factors weighs in favor of approval. The Court approves the Settlement.

### III. The Court approves the award of attorneys' fees.

The FLSA entitles a prevailing plaintiff to an award of fees and costs. *Compare* 29 U.S.C. § 216(b) (a court "shall . . . allow a reasonable attorney's fee to be paid") *with* 42 U.S.C. § 1988(b) (a court "in its discretion, may allow . . . attorney's fee"). Again, although the exact scope of court review of attorneys' fees in conjunction with an FLSA settlement is somewhat unclear, where—as here—the attorneys' fees and FLSA claims have been negotiated contemporaneously, the court must approve the attorneys' fees provisions to ensure they have been negotiated without regard to a plaintiff's FLSA claim and that there was no conflict of interest between an attorney and the clients. *Barbee*, 927 F.3d at 1027 n.1.

The Court has carefully reviewed the Supplemental Suggestions in support of the requested award of attorneys' fees and expenses, including the billing records. ECF Nos. 60-1, 60-2, 60-3. Frankly, the fact that the results achieved here are modest and the attorneys are being paid more

than half (60%) of the total settlement amount ($150,000 of the $290,000 settlement)—fees which the attorneys negotiated contemporaneously with their clients' FLSA claims—is a red flag for the Court. That said, the record demonstrates Plaintiff's Counsel have extensive experience in FLSA cases; they have spent a reasonable amount of time working on this case; and the result the attorneys obtained here is at least minimally sufficient. It is at least minimally sufficient because the caselaw goes both ways here—it is quite conceivable that additional litigation could have resulted in the class receiving nothing—and thirty-two plaintiffs will be collectively receiving $140,000, which is more than a de minimis amount. Under the circumstances, the Court cannot say that an award of $150,000 for attorneys' fees and expenses is unreasonable. Consequently, to the extent any Court approval is needed for the award of attorneys' fees and expenses, it is given.

## Conclusion

Because the relevant factors support approval, the Court GRANTS Plaintiffs' Unopposed Motion to Approve FLSA Settlement.

**IT IS SO ORDERED.**

Date: <u>January 13, 2022</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT